FILED
 2013 Nov-13 PM 04:04
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| **HEBER MELENDEZ, LUIS ALBERTO CORDERO SOLIS, and MARIO CORDERO SOLIS,** individually and on behalf of all other similarly situated individuals, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 3:13-cv-00753-JEO |
| **GRIMES LANDSCAPING AND TURF, INC.,** ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the parties' Joint Motion for Approval of Settlement and Joint Stipulation of Dismissal (doc. 8), filed November 7, 2013.  In this action, Plaintiffs Heber Melendez, Luis Alberto Cordero Solis, and Mario Cordero Solis bring claims alleging, *inter alia*, that Defendant Grimes Landscaping and Turf violated the overtime provisions of the Fair Labor Standards Act.[1]  (Doc. 1).  The parties have consented to plenary jurisdiction by a United States Magistrate Judge.  (Doc. 9).  Because the action did not involve oversight by the Department of Labor, Plaintiffs have submitted copies of the settlement agreements for each Plaintiff for the

---

[1] Plaintiffs initially purported to bring their lawsuit individually and on behalf of all other similarly situated individuals.  (Doc. 1).  However, Plaintiffs never moved for certification, conditional or otherwise, of a collective action, nor did any additional plaintiffs attempt to "opt in" to this case.  As such, it goes without saying that the only plaintiffs bound by the settlements here are the individually named Plaintiffs. Further, as Plaintiffs have resolved their claims with Defendant, they no longer have any personal interest in representing others in this action. Accordingly, the collective-action allegations are mooted by the settlement of Plaintiffs individual claims.  *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529, 185 L. Ed. 2d 636 (2013) ("While the FLSA authorizes an aggrieved employee to bring an action on behalf of himself and 'other employees similarly situated,' 29 U.S.C. § 216(b), the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied.").

court's review.  *See Lynn's Food Stores, Inc. v. United States, By and Through U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).

Upon review of the materials in the court file, including copies of the signed settlement agreements, which the undersigned has directed the Clerk of Court to file under seal, the court concludes that the settlements represent fair and reasonable resolutions of bona fide disputes over the FLSA's provisions.  Additionally, the court finds that the attorney's fees regarding the same are appropriate under the circumstances.  Accordingly, the joint motion for approval of the settlement agreements (doc. 8)  is **GRANTED**.  The settlements as to Plaintiffs Heber Melendez, Luis Alberto Cordero Solis, and Mario Cordero Solis  are hereby **APPROVED**.  In light of the foregoing, and in accordance with the Joint Stipulation of Dismissal submitted by the parties, this case is due to be dismissed with prejudice.  A separate order will be entered.

**DONE** this 13th day of November, 2013.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge